Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff Diana Packbiers*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANA PACKBIERS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PINDROP SECURITY, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) Violation of Cal. Penal Code § 637.3**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Diana Packbiers, on behalf of herself and a Class of similarly situated individuals defined below, brings this Class Action Complaint and Demand for Jury Trial against Defendant Pindrop Security, Inc. to put a stop to their unlawful use, examination, and recording of Plaintiff's and putative Class members' biometric voice prints. Plaintiff, for this Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1. Defendant Pindrop markets and sells software that allows businesses to analyze their customers' voices. Pindrop claims that it "combines best-in-class audio, voice, and AI

CLASS ACTION COMPLAINT                1

technologies with a comprehensive risk database to provide added protection across the phone channel — authenticating customers and offering businesses a faster and more personalized contact center experience."

2. Pindrop's software is becoming increasingly popular in the digital era, as businesses seek to authenticate the identities of their customers calling into their call centers. Pindrop developed proprietary voice recognition software that can be used to create a biometric voice print of the caller. Pindrop then uses its artificial intelligence software to analyze the callers' voice prints to determine the truth or falsity of their statements made during the phone call.

3. Pindrop allows businesses to integrate its software system into their own call centers. Pindrop's software is designed to secretly listen to callers' voices during phone calls in such a way that the callers are entirely unaware they are interacting with and providing their unique voice prints to an unknown, third-party company, Pindrop.

4. One of the many businesses that uses Pindrop's technology in its call center is Bank of the West.

5. At no point did Pindrop obtain consumers' express written consent—or any consent whatsoever—before recording and analyzing their voice in any manner or any time thereafter.

6. Recognizing the need to protect its citizens from situations like these, California enacted the California Invasion of Privacy Act ("CIPA"), and specifically Cal. Penal Code § 637.3, to regulate companies that record and/or examine California citizens' voice prints or voice stress patterns without first obtaining consumers' prior express written consent.

7. Despite this law, Defendant disregards consumers' statutorily protected privacy rights and unlawfully uses, records, and/or examines their voices in violation of CIPA. Specifically, Defendant has violated (and continues to violate) CIPA because it uses a system which examines and records California residents' "voice prints or voice stress patterns to determine the truth or falsity of statements made by such other person" without first obtaining their express written consent.

CLASS ACTION COMPLAINT                                2

# PARTIES

8. Plaintiff Diana Packbiers is a natural person and citizen of the State of California.

9. Defendant Pindrop Security, Inc., is a corporation organized and existing under the law of the State of Delaware with its principal place of business located at 817 West Peachtree Street NW, Suite 770, Atlanta, Georgia 30308.

# JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

11. This Court has personal jurisdiction over Defendant because it conducts business in this State, it contracts to do business (including the conduct described herein) with companies in this State, including Bank of the West who is headquartered in San Francisco, California, it provides its voice analysis software as described herein to its customers in California, including Bank of the West, and the conduct alleged in this Complaint occurred in, and/or emanated from, this State.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims took place within this District, in that Plaintiff's calls at issue were placed to Bank of the West who is located in this District, in San Francisco, California, and on information and belief, her calls were routed to a call center located in this District.

# FACTUAL BACKGROUND

**I.     The California Invasion of Privacy Act.**

13. The California Legislature enacted the Invasion of Privacy Act to protect certain privacy rights of California citizens. The legislature expressly recognized that devices and techniques which create a serious threat to the free exercise of personal liberties cannot be tolerated in a free and civilized society.

14. As part of the Invasion of Privacy Act, the California Legislature introduced

CLASS ACTION COMPLAINT 3

Penal Code § 637.3. Its purpose was to prohibit any person or entity from using "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such other person without his or her express written consent given in advance of the examination or recordation."

15. Creating a voice print requires extracting an individual's phonetic features (including their unique speech patterns and characteristics) from their voice. As such, a voice print serves as an audible "fingerprint" which can directly identify an individual and can even reveal the speaker's behavioral traits.

16. The California Legislature intended to protect individuals from the unauthorized recording and examination of their voice prints, especially when it takes place without an individual's knowledge or permission. Such surreptitious recording and examination pose a serious threat to California residents' personal liberties.

17. Individuals may bring an action against the violator of this section of CIPA to recover actual damages or $1,000, whichever is greater. *See* Cal. Penal Code § 637.3(c).

## II. Pindrop Violates the California Invasion of Privacy Act.

18. Pindrop integrates its voice recognition software into its customers' call centers, including Bank of the West.

19. Pindrop's voice recognition software recognizes consumers' identities by first collecting a voice print derived from a recording of the consumers' voice. Bank of the West admits on its website that it uses biometric voice recognition technology to determine the truth or falsity of statements made by callers regarding their identities. It touts that: "Voice ID is a security feature that verifies your identity by the sound of your voice when you call our customer service center, assisting in our providing fast and secure access to your account. Similar to a fingerprint, your voiceprint is unique to you and created from more than 100 different physical and behavioral characteristics such as pitch, accent, the shape of your mouth, and the vocal tract."

20. Pindrop determines the truth or falsity of statements made by callers, such as Plaintiff and the Class, because Pindrop performs a "1,300+ feature analysis" of the caller's

CLASS ACTION COMPLAINT                             4

audio. According to Pindrop, it "uses the full audio of a call to determine its true characteristics." Indeed, Pindrop analyzes "unique acoustic and behavioral features" of the caller's voice.

21. Worst of all, Pindrop itself surreptitiously creates and stores a voice print from the callers' voice without their knowledge or consent. Pindrop's software seamlessly incorporates into its customers' call centers without clear notice (or any at all) that Pindrop is even involved in the call.

22. As such, Pindrop never informs the consumer that it will record a unique voice print from the consumer and subsequently examine it to determine the truth or falsity of their statements—let alone obtain written consent as required by Cal. Penal Code § 637.3(a).

23. Ultimately, Pindrop's conduct disregards consumers' statutorily protected privacy rights in violation of CIPA.

**FACTS SPECIFIC TO PLAINTIFF PACKBIERS**

24. Plaintiff Diana Packbiers is a Bank of the West customer.

25. Plaintiff Packbiers called Bank of the West's call center on numerous occasions. Unbeknownst to her, when Packbiers called Bank of the West, her voice print was automatically enrolled into Pindrop's biometric voice print database.

26. When Packbiers called Bank of the West's support, Pindrop examined her voice, as well as the voice print it stored in its database from previous calls, to determine the truth or falsity of her statements, including, for example, to determine whether Packbiers is the person who she purports to be.

27. Packbiers has called the Bank of the West customer support line on more than one occasion since the company began using Pindrop's voice analysis software. During one of these calls, Pindrop recorded and examined her voice print passively, without notice or consent.

28. Plaintiff Packbiers did not give her consent—written or otherwise—to Pindrop to collect her voice print and to examine or analyze her voice for any purpose whatsoever.

29. Plaintiff Packbiers has, therefore, been exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

30. Plaintiff Packbiers seeks statutory damages under CIPA as compensation for the

CLASS ACTION COMPLAINT          5

injuries Defendant has caused.

## CLASS ACTION ALLEGATIONS

31. **Class Definition**: Plaintiff Diana Packbiers brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class defined as follows:

> All residents of the State of California who had their voice prints recorded or examined by Pindrop to determine the truth or falsity of their statements.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but according to Bank of the West, it is one of the largest banks headquartered in California, and it had at least 1.8 million customers in 2020. Ultimately, members of the Class will be easily identified through Defendant's records.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  a) Whether Defendant used a system which records or examines Plaintiff's and the Class's voice prints or voice stress patterns;

  b) Whether Defendant used voice prints or voice stress patterns to determine the truth or falsity of statements made by Plaintiff and the Class; and

  c) Whether Defendant sought or obtained prior express written consent from Plaintiff and the Class.

34. **Typicality:** Plaintiff's claims are typical of the claims of all the other members of

CLASS ACTION COMPLAINT 6

the Class. Plaintiff and the Class members sustained substantially similar damages as a result of Defendant's uniform wrongful conduct, based upon the same interactions with Defendant that were made uniformly across Plaintiff and the Class.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of Cal. Penal Code § 637.3**
**(On Behalf of Plaintiff and the Class)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. CIPA prohibits any person or entity in the State of California to use "any system which examines or records in any manner voice prints or other voice stress patterns of another

person to determine the truth or falsity of statements made by such other person without his or her express written consent given in advance of the examination or recordation." Cal. Penal Code § 637.3(a)

39. Defendant is a corporation and therefore an "entity" under CIPA. *Id.*

40. Defendant's voice printing and analysis software is a "system" under CIPA because it records and examines Plaintiff's and the Class's voice prints and other voice stress patterns.

41. Defendant used this system to record and examine the voice prints of Plaintiff and the Class when they called customer support lines that used Defendant's software.

42. Defendant recorded and examined Plaintiff's and the Class members' voice prints to determine the truth or falsity of their statements—including, for example, their statement about who they claimed to be.

43. Defendant did not obtain prior express written consent from Plaintiff and the Class to use, examine, or record their voice prints for any purpose whatsoever.

44. On behalf of herself and the Class, Plaintiff Packbiers seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with CIPA's requirements for the use, recording, and examination of voice prints or other voice stress patterns as described herein; and (2) damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Diana Packbiers, on behalf of herself and the Class, respectfully request that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff Packbiers as a representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Pindrop's actions, as described above, violate CIPA;

C. Awarding statutory damages of $1,000 for *each* violation of CIPA pursuant to Cal. Penal Code § 637.3;

D.   Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class;

E.   Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.   Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.   Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff Diana Packbiers demands a trial by jury for all issues so triable.

Respectfully submitted,

**DIANA PACKBIERS**, individually and on behalf of all others similarly situated,

Dated: August 29, 2022

By: /s/ Rafey S. Balabanian
  *One of Plaintiff's Attorneys*

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435